UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEANNIE PROVENCHER,      )<br>                                              )<br>         *Plaintiff*                          )<br>                                              )<br>v.                                           )<br>                                              )<br>T & M MORTGAGE SOLUTIONS, INC., )<br>*et al.*,                                    )<br>                                              )<br>         *Defendants*                       ) | Civil No.  08-31-P-H |

### MEMORANDUM DECISION ON MOTION FOR LEAVE TO AMEND COMPLAINT

The plaintiff moves a second time for leave to amend her complaint in this action, which was removed from the Maine Superior Court (York County).  Prior to the defendants' responsive pleading and without the necessity of court leave, *see* Fed. R. Civ. P. 15(a), the plaintiff filed her first amended complaint on February 1, 2008.  Docket No. 4.  The defendants then filed a motion to dismiss the first amended complaint (Docket No. 7).  Before this court ruled on the motion to dismiss, the plaintiff's request for leave to file a second amended complaint was granted.  Docket No. 14.  In due course, I recommended that the second amended complaint be dismissed in part. Recommended Decision on Defendants' Motion to Dismiss ("Recommended Decision") (Docket No. 20).  After Judge Hornby adopted my recommended decision over the plaintiff's objection (Docket Nos. 21 & 23), the plaintiff filed the instant motion on October 6, 2008 (Docket No. 27). I now GRANT the plaintiff's motion, but with direction that a revised third amended complaint be submitted by the plaintiff, per the guidance set forth herein.

A revised third amended complaint is necessary because the plaintiff has presented a draft in which counts dismissed from the second amended complaint are nonetheless included, in their original form. In her motion to amend, the plaintiff recognizes that "certain of the counts in the second amended complaint have been dismissed by this Court[,]" but notes that "[t]he existing counts and the proposed new counts incorporate the factual allegations of the dismissed counts." Plaintiff's Second Motion to Amend Complaint ("Motion") (Docket No. 27) at 2 n.1. In my view, this approach will engender misunderstanding and confusion by others who may address this action's operative complaint in the future. The plaintiff is directed therefore to file a third amended complaint excluding any and all dismissed counts and claims.

Turning to the plaintiff's new claims, the proposed new counts to be added to the complaint, presented as Counts XVIII-XXX of the proposed third amended complaint, are similar and in some cases virtually identical to counts in the second amended complaint, many of which were dismissed by this court. The major difference is that the dismissed counts were based on an alleged "Freeway/Quality loan" that was alleged to have been extended by defendants Freeway Investments and Quality Investments, LLC to the plaintiff, Plaintiff's Second Amended Complaint (Docket No. 15) ¶¶ 3-4, 19-24, while the proposed new counts are based on an alleged "Freeway to Provencher Loan," extended to the plaintiff by defendant Freeway alone, Plaintiff's [Proposed] Third Amended Complaint ("Proposed Complaint") (Attachment 1 to Docket No. 27) ¶¶ 3-4, 114-15, 127-30. A comparison of the relevant paragraphs of the two complaints makes clear that it can only be the same loan, whatever it is called, that is involved in both versions. The plaintiff asserts that the proposed new counts "are legally and factually distinct from the dismissed counts" because they "do not allege that Quality loaned any sums to [the plaintiff]." Motion at 2.

While I do not agree with the plaintiff's suggestion, Plaintiff's Reply Memorandum in Support of Her Second Motion to Amend Complaint ("Reply") (Docket No. 29), that my recommended dismissal of the earlier counts was based only "on two grounds": "that [the plaintiff] could not properly characterize the February, 2007 transaction as a loan from Quality to her, and that the transaction as alleged by [the plaintiff] was a commercial loan from Quality to Freeway to which she was not a party[,]" *id.* at 4 (citations to recommended decision deleted), it is primarily the related deficiencies in pleading in the second amended complaint that have been addressed by the proposed amendments.

I will consider the proposed new counts in the order in which they are presented in the proposed third amended complaint.

### I. Proposed Count XIX

This count seeks a declaratory judgment against Freeway and Quality to the effect that the "Freeway to Provencher Loan" involved an equitable mortgage and that the associated documents are void. Proposed Complaint ¶¶ 126-140. Paragraphs 137-40 of this proposed count are essentially identical to paragraphs 88-91 of the Second Amended Complaint, which also appear in the proposed Third Amended Complaint in Count IX. The defendants offer no reasons why this count should be dismissed other than their arguments, applicable to all new counts in the proposed third amended complaint, that the amendment adds no new facts, would cause undue delay, and attempts to "rekindle" or "regurgitate" claims present in the second amended complaint.

I reject the argument that the proposed amendments would cause undue delay. The amendments were proposed before the deadline set by the scheduling order (Docket No. 25) for amendment of the pleadings. The defendants do not dispute the plaintiff's assertion, Motion at 3,

that discovery began only one day before the instant motion was filed. There is so little difference between the proposed additional counts and existing counts in the second amended complaint that the scope of discovery cannot be characterized as being greatly expanded, if at all, if the proposed amendments are allowed.

The defendants' remaining objections are all versions of the same argument, and the ensuing analysis of all of the proposed new counts applies to all of those objections.

I rejected the defendants' motion to dismiss Count IX in the second amended complaint, Recommended Decision at 17-19, and the defendants present nothing more to support their substantive attack on what is essentially a restatement of that count here. None of the proposed added facts, Proposed Complaint ¶¶ 127-36, provides any other basis for finding the proposed new count futile, the legal standard invoked by the defendants. Defendants' Opposition to Plaintiff's Second Motion to Amend Complaint ("Opposition") (Docket No. 28) at 4. However, the proposed Count XIX certainly appears to be duplicative of most, if not all, of Count IX, and the plaintiff is instructed to delete one of the two counts or to show cause why both should continue to be present in the third amended complaint that results from the disposition of the instant motion.

## II. Proposed Count XX

This count alleges violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, by Freeway in connection with the "Freeway to Provencher loan." Proposed Complaint ¶¶ 142-49. This count is similar to Count V in the second amended complaint although it is no longer alleged against Quality as well as Freeway. Second Amended Complaint ¶¶ 62-69. Count V in the second amended complaint was dismissed because it could not be construed to allege a loan from either Freeway or Quality to the plaintiff and TILA does not

4

apply to extensions of credit from one business to another. Recommended Decision at 16-17. The relevant factual allegations still appear in the proposed third amended complaint at paragraphs 19-24. However, the new factual allegations included in proposed Count XX appear to remedy the infirmities of the factual allegations in the second amended complaint. Those allegations' factual strength is not relevant to a motion to dismiss; rather, the legal benchmark for a proposed amendment to a complaint is simply whether such an amendment would be futile. Accordingly, the plaintiff's motion for leave to add proposed Count XX is granted, but only on the condition that the conflicting allegations in paragraphs 19-24 and Count V of the proposed third amended complaint be deleted.

### III.  Proposed Counts XXI-XXIII

Proposed Count XXI alleges violations of the federal Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.*, by Freeway. Some of the allegations in this proposed count are identical to those in Count VI of the second amended complaint, with the exception that references to Quality have been deleted, and some are new. Proposed Count XXII alleges violations of the Maine Consumer Credit Code ("MCCC"), 9-A M.R.S.A. § 1-101 *et seq.*, by Freeway. The factual allegations in this count are identical to those in Count VII of the second amended complaint, except that references to Quality have been deleted. Proposed Count XXIII alleges violation of MCCC licensing requirements by Freeway, again in terms identical to those in Count VIII in the second amended complaint, with the exception of references to Quality.

Count VI-VIII of the second amended complaint were dismissed for the same reasons as was Count V. Counts XXI-XXIII in the proposed third amended complaint include by reference the new factual allegations added in proposed Count XX. For the same reasons discussed in

connection with proposed Count XX, the motion for leave to amend is granted as to proposed Counts XXI-XXIII, but only on the condition that Counts VI-VIII of the proposed third amended complaint be deleted.

### IV.  Proposed Count XXIV

This count alleges that all but one of the defendants made intentional misrepresentations to the plaintiff in connection with the "Freeway to Provencher Loan."  It is identical to Count X of both the second amended complaint and the proposed third amended complaint with the sole exception that the former refers to the "Freeway/Quality Loan" rather than the "Freeway to Provencher Loan."  After a lengthy discussion, I concluded that Count X withstood the defendants' motion to dismiss.  Recommended Decision at 19-23.  So long as the plaintiff agrees to remove Count X from the third amended complaint, the addition of Count XXIV would not be futile, and the motion for leave to amend is granted as to this count.

### V.  Proposed Count XXV

This count alleges misrepresentation under the MCCC by all but one of the defendants in connection with the "Freeway to Provencher Loan."  It is identical to Count XI in the second amended complaint and in the proposed third amended complaint, but for the reference to the "Freeway/Quality Loan" in the title of the latter.  I recommended dismissal of Count XI due to the characterization of the "Freeway/Quality Loan" in the second amended complaint. Recommended Decision at 23-24.  The allegations at paragraphs 127-36 of the proposed third amended complaint have cured this problem, and therefore the addition of proposed Count XXV would not be futile.  Leave to amend is granted as to proposed Count XXV so long as Count XI is deleted from the proposed third amended complaint.

### VI.  Proposed Count XXVI

This count alleges negligent misrepresentation against all but one of the defendants in terms essentially identical to those of Count XII in the second amended complaint and the proposed third amended complaint.  My discussion of proposed Count XXIV above applies equally to this count.  The motion for leave to add Count XXVI is granted, provided that the plaintiff removes Count XII from the proposed third amended complaint.

### VII.  Proposed Count XXVII

This count alleges violations of the Maine Unfair Trade Practices Act ("UFTPA"), 5 M.R.S.A. § 205-A *et seq.*, by all but one of the defendants in connection with the "Freeway to Provencher Loan" in terms identical to those of Count XIII of the second amended complaint and the proposed third amended complaint, with the exception of replacing references to the "Freeway/Quality Loan" with references to the "Freeway to Provencher Loan," and a change in one conjunction.  In my recommended decision on the motion to dismiss, I recommended dismissal of the allegations in subsections (a) and (d) and portions of subsection (f) of paragraph 107 of the second amended complaint, which corresponds to paragraph 186 of the proposed third amended complaint.  Recommended Decision at 24-28.  As was the case with earlier counts of the proposed third amended complaint, the plaintiff's factual allegations in paragraphs 127-36 of the proposed third amended complaint resolve the deficiencies of pleading on which those recommendations were based.  The motion for leave to add Count XXVII is granted, provided that the plaintiff removes Count XIII from the proposed third amended complaint.

### VIII.  Proposed Count XXVIII

This count alleges unconscionability under the MCCC and/or common law against Freeway and Quality in connection with the "Freeway to Provencher Loan."  It is identical to

Count XIV of the second amended and proposed third amended complaints with the exception of the previously noted change in name of the loan at issue. My recommended decision concluded that Count XIV of the second amended complaint should not be dismissed. *Id*. at 28-29. Nothing about the change in the loan at issue compels a different conclusion as to proposed Count XXVIII, so long as Count XIV is deleted from the third amended complaint when it is filed. The motion is granted as to Count XXVIII.

### IX.  Proposed Count XXIX

This count alleges that defendant T & M Mortgage Solutions, Inc. ("T&M") violated certain sections of the MCCC. It is similar to Count XVII in the second amended complaint and the proposed third amended complaint, but clarifies that it applies to both loans now at issue in the complaint[1] and changes references to the "Freeway/Quality Loan" to the "Freeway to Provencher Loan." *Compare* Second Amended Complaint ¶¶ 120-23 *with* Proposed [Third Amended] Complaint ¶¶ 194-98. Here again, the dismissal of Count XVII was based on the failure of the second amended complaint to allege sufficient facts to establish that the "Feeway/Quality Loan" was a consumer loan, and the amendments proposed in the motion at issue remedy that pleading deficiency. The motion for leave to amend is granted as to proposed Count XXIX, so long as Count XVII is deleted from the third amended complaint when it is filed.

### X.  Proposed Count XXX

This count alleges that defendants T&M and Shawn Holt violated a provision of the MCCC. It is similar to Count XVIII in the second amended complaint and the proposed third

---

[1] Actually, a strict reading of the proposed third amended complaint suggests that three alleged loans may be at issue. *See* Proposed Complaint ¶¶ 8, 19, 127. I assume that the plaintiff means to litigate only the loans that she identifies as the "Streeter Loan" and the "Freeway to Provencher Loan." This point should be clarified in the revised third amended complaint to be filed by the plaintiff.

amended complaint, but specifies that it applies to both loans now at issue in the complaint. For the reasons discussed in connection with proposed Count XXIX, the motion for leave to add Count XXX is granted, provided that Count XVIII is deleted from the third amended complaint when it is filed.

### XI. Conclusion

For the foregoing reasons, and on the conditions noted, the plaintiff's motion for leave to amend her complaint is **GRANTED**. The plaintiff shall file a properly revised third amended complaint, deleting all previously-dismissed counts and all factual allegations relevant only to those counts, and renumbering paragraphs and counts as necessary, no later than five business days from the date of this opinion.

I deny the defendants' request, Opposition at 10, for an order forbidding the plaintiff to file any further requests to amend her complaint.

Dated this 9th day of November, 2008.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge