### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| **JEANNIE PROVENCHER,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 08-31-P-H** |
| | ) | |
| **T & M MORTGAGE SOLUTIONS, INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

### RECOMMENDED DECISION ON DEFENDANTS' THIRD MOTION TO DISMISS

The defendants move for the third time to dismiss this action, now in the form of the third amended complaint.  *See* Docket Nos. 7 (Defendants' first motion to dismiss); 18 (Defendants' second motion to dismiss); 20 (my recommended decision on the first two motions to dismiss); 23 (order adopting recommended decision); 27 (plaintiff's motion for leave to amend second amended complaint); 30 (my memorandum decision on the motion to amend). I recommend that the court grant the motion in part.

### I.  Applicable Legal Standard

As with the first two motions, the instant motion invokes Fed. R. Civ. P. 12(b)(6). Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion") (Docket No. 32) at 1.  As the Supreme Court recently has clarified:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).[1]

"In ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Id.* "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

## II.  Discussion

The factual background of this dispute has previously been set forth in my recommended decision (Docket No. 20), to which the reader is referred if more detail is sought.

### A.  Count I

Count I of the third amended complaint ("Complaint 3") (Docket No. 31) alleges that Streeter, the Streeter Trust, T & M, and Holt violated the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A *et seq.*, in connection with a loan made to the plaintiff on December 20, 2004 (the "Streeter Loan").  Complaint 3 ¶¶ 8-12, 19-21.  The plaintiff agrees that this count should be dismissed.  Plaintiff's Objection to Defendants' Motion to Dismiss Third Amended Complaint ("Objection") (Docket No. 35) at 1.  I recommend that the court do so.

---

[1] In so explaining, the Court explicitly backed away from the Rule 12(b)(6) standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46).  The Court observed: "[A]fter puzzling the profession for 50 years, this famous observation has earned its retirement.  The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969.

Count I appears to be the only count now asserted against defendants Judith K. Streeter and the Judith K. Streeter Trust, and those defendants will no longer be parties to this action should the motion to dismiss be granted.

### B.  Counts II-IV

The defendants do not seek dismissal of these counts.

### C.  Counts V-VIII

These counts are alleged only against defendant Freeway Investments.  Complaint 3 ¶¶ 44-72.  They allege violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; the federal Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; and the Maine Consumer Credit Code, 9-A M.R.S.A. § 1-101 *et seq.*, all in connection with a 2007 transaction that the plaintiff calls "the Freeway to Provencher loan."  *Id.* ¶ 16.

The defendants contend that the loan at issue was a commercial loan between two business entities and not a consumer loan, which is the only type of loan subject to the statutes invoked.  Motion at 10-11.  As the plaintiff was not a party to that loan, they add, she has no standing to challenge its terms.  *Id.* at 11.

The plaintiff responds, first, that this court has already held that the amendments that produced the current Counts V-VIII were not futile because they cured the problem of characterizing this loan that existed in the previous versions of the complaint.  Objection at 2.

Paragraph 33 of the third amended complaint alleges that this transaction was "intended [to be], and it in fact was, a loan for personal, family or household purposes secured by a security interest in Provencher's home in the form of an equitable mortgage."  Complaint 3 ¶ 33.  Counts V-VIII in the third amended complaint appear to be identical to Counts XX-XXIII in the proposed amended complaint that was filed by the plaintiff with her motion for leave to amend

the second amended complaint.  I found those proposed counts sufficient to state a claim.
Memorandum Decision on Motion for Leave to Amend Complaint ("Memorandum Decision")
(Docket No. 30) at 4-6.  In my recommended decision on the defendants' first and second
motions to dismiss, with respect to Counts V-VIII in the second amended complaint, which
assert the same claims as proposed Counts XX-XXIII in the proposed amended complaint and
Counts V-VIII in the third amended complaint, I found the conclusory allegation in the second
amended complaint that this transaction was a "consumer loan" from Freeway and Quality to the
plaintiff insufficient to withstand a motion to dismiss.  Recommended Decision on Defendants'
Motion to Dismiss ("Recommended Decision") (Docket No. 20) at 14-17.  That recommended
decision was adopted by Judge Hornby.  Docket No. 23.  In my memorandum decision on the
subsequent motion for leave to amend the second amended complaint, I specifically found that
the plaintiff's new factual allegations in these counts "appear to remedy the infirmities of the
factual allegations in the second amended complaint."  Memorandum Decision at 5.

　　　　The defendants' current motion essentially asks this court to reinstate its original
dismissal of these counts "for the reasons stated in Defendants' original motion to dismiss and
the Court's decision theron."  Motion at 9.  But I have already considered those reasons, made
my recommended decision, and moved beyond that recommended decision in considering the
plaintiff's proposed amendments.  The defendants offer no persuasive reason for me to revisit
my ruling on the motion for leave to amend.  The defendants' arguments at this point in the
proceeding would be more appropriate in the context of a motion for summary judgment,
dependent as they are on an assertion that the facts are not as they are alleged in the third
amended complaint.  For purposes of a motion to dismiss, facts alleged in a complaint are
generally to be accepted as true.

### C. Count X

The defendants argue that Count X, which alleges that all of the defendants other than Streeter and the Streeter Trust violated section 9-401 of the Maine Consumer Credit Code, Complaint 3 ¶¶ 83-84, should be dismissed because "the [2007] loan between Freeway and Quality was not a consumer credit transaction" and, as the defendants argued in connection with Counts V-VIII, the plaintiff was not a party to the loan and so lacks standing to challenge it. Finally, they assert that the "land installment contract did not create a first lien mortgage within the meaning of Article 9" of the Code. Motion at 11. In a separate argument, the defendants contend that the Code does not apply to defendants Quality Investments LLC, Todd Johnson, Sr. and Shawn Holt. *Id.* at 12-13.

I reject the defendants' first two arguments for the reasons already stated in connection with Counts V-VIII. The third amended complaint also sufficiently alleges the existence of a first lien mortgage.

The plaintiff does not object to the dismissal of Count X as to Quality, but contends that she "has stated valid claims in this count against Holt and Johnson because they acted on behalf of Freeway." Objection at 7. The third amended complaint alleges that Holt and Johnson acted on behalf of Freeway in connection with this count, Complaint 3 ¶¶ 81, 83-84, and section 9-401 of the Code applies to a "creditor or a person acting for him." 9-A M.R.S.A. § 9-401. The third amended complaint thus adequately alleges a claim against Holt and Johnson.

On these arguments, Count X should be dismissed as to Quality only.

### D. Counts IX – XI

The defendants address these three counts together, contending that they must be dismissed because the third amended complaint fails to allege how the plaintiff justifiably relied

to her detriment on any of the misrepresentations that underlie each count.  Motion at 12-13.  In response, the plaintiff contends that this argument was rejected by the court in the recommended decision.  Objection at 8.  I agree with the plaintiff.  Recommended Decision at 19-23 (discussing justifiable reliance with regard to Counts X and XII of the second amended complaint).  The defendants offer no reason why I should revisit my earlier ruling, nor do they differentiate among the various alleged misrepresentations included in the third amended complaint.  If, in fact, the "Plaintiff cannot prove justifiable reliance," Motion at 12, that is a matter for summary judgment or trial, not for resolution in connection with a motion to dismiss.

On the showing made, the defendants are not entitled to dismissal of Counts IX-XI on the proffered basis.

### E.  Count XII

The defendants contend that "a portion of previous count XIII that is identical to current Count XII" is included in the third amended complaint "[i]n contravention of the Court's Order on Plaintiff's motion to amend."  Motion at 13.  Specifically, they asserts that paragraphs 89(a) and 89(d) of the third amended complaint are identical to paragraphs 107(a) and 107(d) of the second amended complaint, which were "ordered . . . dismissed."  *Id*.  The plaintiff responds that her motion to amend the second amended complaint to add the present Count XII was granted, and, in the process of creating the third amended complaint, she cured the defects in paragraphs 107(a) and 107(d) "that led the Court to dismiss them" from the second amended complaint.  Objection at 9-10.

Paragraphs 89(a) and 89(d) of the third amended complaint and paragraphs 107(a) and 107(d) of the second amended complaint are in fact not identical, and the differences can only be the direct result of my memorandum decision on the plaintiff's motion for leave to amend the

second amended complaint.  In that decision, I noted that the major difference between the two complaints "is that the dismissed counts were based on an alleged 'Freeway/Quality loan' that was alleged to have been extended by defendants Freeway Investments and Quality Investments, LLC to the plaintiff . . . while the proposed new counts are based on an alleged 'Freeway to Provencher Loan," extended to the plaintiff by defendant Freeway alone[.]"  Memorandum Decision at 2.  This is the difference between paragraph 89 in the third amended complaint and Paragraph 107 in the second amended complaint.  I specifically held that "the plaintiff's factual allegations in [the new paragraphs] of the proposed third amended complaint resolve the deficiencies of pleading on which those recommendations [to dismiss] were based."  *Id*. at 7.

The defendants' premise – that the plaintiff has included in her third amended complaint allegations that she was ordered to delete from any further pleading – is incorrect.  The motion to dismiss portions of Count XII should be denied.

### F.  Count XIV

The defendants next contend that defendant T & M Mortgage Solutions, Inc. "was not providing loan broker services" with respect to the 2007 transaction and so any allegations that it violated the Maine Consumer Credit Code must be dismissed.  Motion at 13.  Because this argument is based on the defendants' contention that the 2007 transaction was a commercial loan that was not subject to the Code, a contention that I have rejected for purposes of pleading a claim under the Code, I recommend that the motion to dismiss any claims against T & M asserted in Count XIV be denied.

### G.  Count XV

The defendants' next volley is based on an assertion that Count XV of the third amended complaint "is merely a conclusory statement of law," and alleges "no specific facts that indicate

Defendants have engaged in unfair, unconscionable, or deceptive practices," citing their entire memorandum of law. Motion at 14. In addition, they assert, the count fails to allege fraud with the necessary particularity. *Id.* Finally, they argue again that the Maine Consumer Credit Code, the alleged basis for Count XV, does not apply to the 2007 transaction. As to this last point, for purposes of a motion to dismiss, I have already concluded that the third amended complaint adequately alleges that the 2007 transaction did fall under the terms of the Code, and I will not repeat my discussion of this issue here.

Turning to the defendants' first argument alleging "no specific facts," Count XV of the third amended complaint is indeed brief, but it incorporates by reference all of the third amended complaint's preceding paragraphs. Complaint 3 ¶ 102. That method of alleging specific facts is acceptable. The defendants are certainly made aware by the terms of the third amended complaint of the actions that the plaintiff claims were unfair, deceptive, or unconscionable.

With respect to the assertion that a "claim of deceptive practices is essentially a claim of fraud that must be pled with particularity," Motion at 14, the defendants cite no authority in support. The section of the Maine Consumer Credit Code invoked by Count XV provides remedies for "unfair, unconscionable or deceptive" conduct that "causes actual damage to a consumer." 9-A M.R.S.A. § 10-401. Moreover, the Code certainly suggests that fraud and unconscionable conduct are not necessarily the same thing. 9-A M.R.S.A. § 9-403. Even if the heightened pleading requirements of Fed. R. Civ. P. 9(b) were applicable to this count, the plaintiff has pled the alleged instances of unfair, unconscionable, or deceptive conduct with sufficient particularity. Complaint 3 ¶¶ 17-18, 30-35, 37-38, 74-78, 92-94, 102.

Count XV should not be dismissed.

### H.  Other Arguments

The defendants contend that "[a]ll claims related to the newly titled 'Freeway to Provencher loan' that were dismissed by the Court's June 18, 2008 Recommended Decision should similarly be dismissed for the reasons stated in Defendants' original motion to dismiss." Motion at 9.  This sweeping argument, essentially based on factual assertions disputing the allegations of the third amended complaint that are not appropriately considered in connection with a motion to dismiss, ignores the Memorandum Decision, which determined that the proposed amendments to the counts dealing with the 2007 loan were not futile and cured the deficiencies of the second amended complaint.

In their reply memorandum, the defendants contend that the fact that the plaintiff has agreed to the dismissal of Count X as against defendant Quality and my "finding" in the recommended decision that "Quality's only involvement was as a party to a commercial transaction" mean that all other claims against Quality "must be dismissed."  Defendants' Reply in Further Support of Their Motion to Dismiss (Docket No. 36) at 2.  However, all that I "found" in the recommended decision was that the plaintiff had failed to allege facts that took the 2007 transaction out of the category of a business or commercial loan between Quality and Freeway, Recommended Decision at 17, nor can a court ruling on a motion to dismiss make any factual findings, and the recommended decision cannot reasonably be read to have done so.  Finally, I do not see how the plaintiff's agreement to the dismissal of claims brought under one specific section of the Maine Consumer Credit Code against Quality, Complaint 3 ¶¶ 83-84, requires that all other claims made against Quality also be dismissed.

### III.  Conclusion

For the foregoing reasons, I recommend that the defendants' most recent motion to dismiss be **GRANTED** as to Count I and as to Count X to the extent that it is asserted against Quality Investments, LLC and otherwise **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of February, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge